**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

KASHMIRA RAO,

                         Plaintiff,

v.

UNEMPLOYMENT OF N.J.,

                         Defendant

Civ. No. 14-cv-6512 (KM) (MAH)

**MEMORANDUM OPINION**

**KEVIN MCNULTY, U.S.D.J.:**

The plaintiff, Kashmira Rao, commenced this *pro se* action to recover unemployment benefits allegedly denied her by the State of New Jersey. The United States Department of Labor has appeared on behalf of the named defendant, "Unemployment of N.J.", construed to mean the State of New Jersey, and has moved to dismiss the claim for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) and for failure to state a claim under FED. R. CIV. P. 12(b)(6). For the reasons set forth below, the motion is granted and the complaint is dismissed without prejudice.

Motions to dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) may be raised at any time. *Iwanowa v. Ford Motor Co.,* 67 F. Supp. 2d 424, 437-38 (D.N.J. 1999). Rule 12(b)(1) challenges may be either facial or factual attacks. *See* 2 MOORE'S FEDERAL PRACTICE § 12.30[4] (3d ed. 2007); *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge asserts that the complaint does not allege sufficient grounds to establish subject matter jurisdiction. *Iwanowa,* 67 F. Supp. 2d at 438. A court considering such a facial challenge assumes that the allegations in the complaint are true, and may dismiss the complaint only if it nevertheless appears that the plaintiff will not be able to assert a colorable claim of subject

matter jurisdiction. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358–59 (3d Cir. 2014); *Cardio–Med. Assoc., Ltd. v. Crozer–Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983); *Iwanowa*, 67 F. Supp. 2d at 438.

Although difficult to interpret, Rao's *pro se* complaint seeks to "veto the N.J. State Employment Office." (Dkt. No. 1-1 p. 1) Out of caution I have reviewed other filings in an attempt to clarify the nature of the claims. Rao's request for entry of default judgment contends that Rao was employed by Garden State News until she was laid off in December of 2013 following the decision of management to close its doors for renovations necessitated by the devastation of Hurricane Sandy. (Dkt. No. 7 p. 2-3) The request for default goes on to clarify that Rao did not receive unemployment benefits for the seven months that she was not working between the time she was laid off and the time she acquired a new job. (*Id.* p. 3)  Accordingly, I construe the complaint as a demand that the Court compel the payment of unemployment benefits denied to Rao by the State.

No grounds for this Court's subject matter jurisdiction are pled or are apparent. Rao has not indicated that there is a federal question. *See* 28 U.S.C. § 1331. Nor does her complaint plead diversity of citizenship or an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332. Accordingly, this Court will dismiss Plaintiff's complaint.[1]

## CONCLUSION

For the foregoing reasons, the complaint is dismissed for failure to plead a basis for this Court's subject matter jurisdiction. This dismissal is without

---

[1]    Because the complaint is dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), I do not reach Defendant's remaining arguments, including that the complaint fails to state a claim pursuant to to Rule 12(b)(6). In the event that Plaintiff files an Amended Complaint, Defendants may incorporate any relevant arguments in the original motion to dismiss by reference or re-brief those issues.

prejudice to the filing, within 30 days, of an amended complaint alleging adequate grounds for this Court's federal subject matter jurisdiction.

Dated:  March 1, 2016

_____
**KEVIN MCNULTY**
**United States District Judge**